**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-988

(Filed: December 11, 2015)
**(NOT TO BE PUBLISHED)**

FILED
DEC 1 1 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | ) | |
|---|---|---|
| **VAN THOMAS GREEN, et al.,** | ) | Claim of breach of trust by unenrolled, putative Indian; order for dismissal of complaint |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Van Thomas Green, Middletown, Connecticut, *pro se*.

Carol L. Draper, Trial Attorney, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were John C. Cruden, Assistant Attorney General, Environment and Natural Resource Division, United States Department of Justice, Washington, D.C., and Gladys Cojocari, Attorney-Advisor, Indian Trust Litigation Office, United States Department of the Interior.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff Van Thomas Green ("plaintiff") alleges a breach of trust by the United States ("defendant" or "the government"). Pending before the court is defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim pursuant to RCFC 12(b)(6). Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, ECF No. 5. Alternatively, the government seeks a more definite statement under RCFC 12(e). Def.'s Mot. at 7.

### BACKGROUND

Mr. Green's complaint is captioned "United States District Court for D.C. Washington D.C." and contains allegations directed to establishing a class action on behalf of "freedmen members [who] would have rights equal to those of [S]eminoles by blood." Compl. at 1. The complaint lists a variety of federal Indian treaties and refers to statutory provisions codified in

Title 25 of the United States Code. Compl. at 1-5. It also makes numerous references to "Cobell" and asserts that Mr. Green is a "vital [i]ndespensible party . . . to the claim[] and settlement of the COBELL/SALAZAR Indian TRUST SETTLEMENT." Compl. at 4.

Mr. Green specifically alleges that: "My father was a direct de[s]cendent of the [C]hoc[]taw blood line . . . . according to the final freedmen rolls that [are] recorded in 1889 [and] 1914[.] [M]y father was born in 1903 and [I] come in his name, in [G]adsden [C]ounty[,] [F]lorida district seven[,] and his grandmother was a[n] allotee of the antebellum treaty of 1866. [I]n fact she married that year to my great grand father [C]aswell G[r]een, a black civil war solider." Compl. at 2. Plaintiff asserts that the "[D]awes [R]olls" of the Seminole tribe included "intermarried whites who lived on the [I]ndian land" but did not include "Blacks of the same status," and "it seems that my father was one . . . who was in the mix at that time . . . along with the rest of the putative class." Compl. at 2. Plaintiff also alleges that Angeline Green acquired property by warranty deed in Gadsden County, Florida on December 18, 1903. Compl. at 4. Angeline Green reportedly died "inte[]state" leaving descendants, and the property's "approximate value" today is $250,000. Compl. at 4-5. Plaintiff does not explain his relationship to Angeline Green.

The court understands the complaint as asserting two counts: (1) a request to intervene in *Cobell v. Jewell*, No. 96-01285 (D.D.C.), and (2) a breach of trust claim relating to land purchased and owned by Angeline Green.

## STANDARDS FOR DECISION

### A. *Standards for* Pro Se *Plaintiffs*

The court holds *pro se* plaintiffs to less stringent standards than those represented by counsel, and it will search the complaint and record "to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969); *see also Demes v. United States*, 52 Fed. Cl. 365, 369 (2002) ("While a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate."). This leniency, however, does not extend to plaintiff's burden of establishing jurisdiction. *Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). And, leniency does not extend to *pro se* plaintiffs bringing class actions because a *pro se* plaintiff may represent only "oneself" or "one's immediate family." RCFC 83.1(a)(3).

### B. *Rule 12 Motions*

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). This court has jurisdiction under the Tucker Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act waives sovereign immunity, it does not provide a substantive right to monetary relief. *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Rather, plaintiff must find that substantive right "in some other source of law." *Id.*

A defendant may seek to dismiss a case by filing a motion under Rule 12(b)(1), contesting the court's subject matter jurisdiction, or under Rule 12(b)(6), challenging whether the complaint states a claim. Under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).

Under Rule 12(e) a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." RCFC 12(e). The motion "must point out the defects complained of and the details desired." *Id.* The court may also order a more definite statement *sua sponte*. *See Pinson v. Department of Justice*, 975 F. Supp. 2d 20, 26 (D.D.C. 2013).

## ANALYSIS

### A. *Plaintiff Cannot Represent a Class*

Acting *pro se*, Mr. Green claims to represent a class. He cannot do this. *See* RCFC 83.1(a)(3). A cover sheet attached to the complaint also names three other individuals with the surname Green, but the complaint contains no reference to, or facts explaining, Mr. Green's relationship to these individuals. In these circumstances, the court construes the complaint as being brought by Mr. Green alone.

### B. *The Court Lacks Jurisdiction to Grant Plaintiff Intervention in the* Cobell *Case*

The complaint states that "Van [T]homas Green is the [l]eading plaintiff, and vital [i]ndespensible party . . . to the claim, and settlement of the COBELL/SALAZAR Indian TRUST SETTLEMENT." Compl. at 4. The court understands this statement to constitute a request to intervene in *Cobell v. Jewell*, No. 96-01285 (D.D.C.). *Cobell*, however, was before the United States District Court for the District of Columbia, not the Court of Federal Claims. This court lacks jurisdiction to grant intervention in a case before another court, and the court accordingly must dismiss this aspect of plaintiff's complaint.

### C. *Plaintiff's Breach of Trust Claim*

Searching the complaint for a cause of action, *Ruderer*, 412 F.2d at 1292, the court understands the complaint to allege a breach of trust specifically relating to land in Florida that was owned by Angeline Green. *See* Compl. at 1-5 (discussing rights of heirs, and separately describing some of Angeline Green's land and heirs, without explaining plaintiff's relationship to her). This court has jurisdiction over Indian claims for breach of trust. *See, e.g.*, 28 U.S.C. § 1505 (setting out the Indian Tucker Act, providing that this court has jurisdiction over any claim against the United States accruing after August 13, 1946, in favor of, among others, an

"identifiable group of American Indians"). To establish that jurisdiction, plaintiff must first "identify a substantive source of law that establishes specific fiduciary or other duties, and allege that the Government has failed to faithfully perform those duties," and second, "the court must . . . determine whether the substantive source of law can be fairly interpreted as mandating compensation for damages sustained as a result of a breach of the duties [the governing law] impos[es]." *Hopi Tribe v. United States*, 782 F.3d 662, 667 (Fed. Cir. 2015) (internal quotation marks omitted).

The complaint does not allege that the government owes any particular duties to the plaintiff or any group of American Indians of which he alleges he is a member, nor is it apparent what source of law would impose such duties. The complaint avers that some members of the Green family have Indian heritage and asserts the existence of Florida property. But it fails to explain how any of these facts are related, nor does it allege any particular action by the federal government that is or would be adverse to Mr. Green.

The government has filed a motion to dismiss the complaint or in the alternative for a more definite statement under Rule 12(e), arguing that the complaint is so vague or ambiguous that it is "impossible for the United States to draft an informed response." Def.'s Mot. at 7. The court is mindful that ordering a more definite statement is preferable to dismissal. *See* 2 James Wm. Moore, et al., *Moore's Federal Practice*, § 12.36[5] (3d ed. 2012). Nonetheless, Mr. Green's complaint is so bereft of meaningful allegations of a trust relationship and of harm to Mr. Green that there is no appropriate starting point for requiring a more definite statement.[1]

## CONCLUSION

The government's motion to dismiss is GRANTED, in part for lack of subject matter jurisdiction and in part for failure to state a claim upon which relief can be granted.[2] The clerk is directed to issue final judgment in accord with this disposition.

No costs.

It is so ORDERED.

*Charles F. Lettow*
Judge

---

[1]Correlatively, there is no basis to transfer this case to the United States District Court for the District of Columbia. The complaint is deficient on its face, and transfer under 28 U.S.C. § 1631 is consequently inappropriate. *See Johnson v. United States*, 105 Fed. Cl. 85, 96 (2012) (refusing transfer where the prerequisites of 28 U.S.C. §1631 were not satisfied).

[2]Mr. Green's application to proceed *in forma pauperis* is GRANTED.